**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY, a Nebraska corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No.: 1:23-CV-16942 |
| | ) | Hon. Steven C. Seeger |
| CR EXPRESS, INC., an Illinois corporation; and STEVE RADAK, individually and on behalf of others similarly situated, | ) ) ) ) ) | Mag. Judge Beth W. Jantz (removed) |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
GREAT WEST CASUALTY COMPANY'S MOTION TO REMAND**

Plaintiff, Great West Casualty Company, ("Great West" or "GWCC") through undersigned counsel submits the following *Memorandum of Law in Support* of its Motion to Remand this lawsuit to the Circuit Court of Cook County, Illinois, per 28 U.S.C. §§1332, 1441, 1446, and 1447(c); Rule 5.3 of the Local Rules of the U.S. District Court for the Northern District of Illinois, and this Court's procedures. In support, Great West states as follows:

### I. INTRODUCTION

This lawsuit originated in Illinois state court. Great West filed the lawsuit seeking declaratory rulings under Illinois' declaratory judgment provisions on the construction of an insurance policy. 735 ILCS 5/2-701, similar to 28 U.S.C. §2201. CR Express, Inc., filed its *Notice of Removal* asserting federal diversity jurisdiction and filed its removal prior to service of process being perfected. (Doc.1, "Notice of Removal").

However, CR Express, Inc., is an Illinois citizen for diversity purposes as a "citizen of the State in which such action is brought" or a so-called forum defendant. 28 U.S.C. §1441(b)(2). Removal by a forum defendant is prohibited by the forum-defendant rule. *Id*. The removal here is by a forum defendant and the Notice of Removal in this case violates the federal statute and this case should be remanded to Illinois state court. 28 U.S.C. §1447(c).

This Court should not allow a so-called snap removal of the lawsuit based on the fact that CR Express, Inc., had not been served with process prior to the Notice of Removal. The U.S. Court of Appeals for the Seventh Circuit has recognized and enforced the forum-defendant rule and has not approved the use of snap removal and the judges of this District are split. The better construction of the statute is that snap removal effectively eliminates the forum-defendant rule and the purpose of the statute. This Court should not approve of the use of snap removal here.

## II. SUMMARY OF FACTS IN SUPPORT

On December 8, 2023, Great West filed a lawsuit in Illinois state court titled *Great West Cas. Co. v. CR Express, et al.*, (Case No. 2023-CH-9927, Circuit Court of Cook County, Illinois, Chancery Division, "Declaratory Lawsuit"). (Doc. 1-1). The Declaratory Lawsuit seeks relief regarding the parties' rights and obligations under an insurance policy for the claims in an Illinois state court lawsuit titled *Steven Radak, et al., v. CR Express, Inc.*, (Case No. 2023 LA 227, Circuit Court of McHenry County, Illinois, "Radak Lawsuit"). The Radak Lawsuit seeks recovery of damages from and against CR Express, Inc., pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. (Doc. 1-1). Great West provided liability insurance coverage to CR Express, Inc., and seeks declaratory judgment as to its obligations. (Doc. 1-1, and exhibits).

On December 19, 2023, CR Express filed a *Notice of Removal* and supporting papers. *Great West Cas. Co. v. CR Express, et al.*, (23-CV-16942, U.S.D.C. N.D. Ill.) soon after receipt

of a courtesy copy of the Complaint. (Doc.1). The Notice of Removal asserts that the ground for removal and the ground for federal jurisdiction is the diversity of citizenship between plaintiff, Great West (Nebraska), and all defendants, CR Express, Inc., and Steven Radak (both of Illinois). 28 U.S.C. §1332. (Doc.1).

### III. ARGUMENT

#### A. The Notice of Removal Violates the Forum-Defendant Rule: This Court Should Remand the Lawsuit to Illinois State Court.

The removal is based on federal diversity jurisdiction and the value of the claim is in excess of $75,000. (Doc.1). 28 U.S.C. §§1332, 1441(b), 1446. As a general rule, for federal diversity jurisdiction, the citizenship must be diverse between all plaintiffs and all defendants. A corporation is a citizen of the state of its incorporation and principal place of business; an individual of the state of citizenship, usually measured by domicile. Great West is incorporated and has its principal place of business in Nebraska; CR Express, Inc., is an Illinois corporation with its principal place of business in Elk Grove Village, Cook and DuPage Counties, Illinois. Steven Radak is an Illinois resident. Though Great West conducts business in Illinois, this does not make GWCC an Illinois citizen. Based on the Complaint, there is federal diversity jurisdiction.

However, the forum-defendant rule restricts the right of an instate or forum defendant from removing a case from state court in the state of citizenship, and it applies to this case. The statute provides that:

> [a] civil action otherwise removable [on grounds of diversity]…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b)(2). This statute stems from the animating justification for diversity jurisdiction, that local courts could favor in-state litigants. *Exxon Mobil Corp. v. Allapattah Servs.,*

*Inc.*, 545 U.S. 546, 553-54, 125 S. Ct. 2611 (2005). But "where a *home-state* defendant seeks removal, there is no basis for this concern" the forum-defendant rule preserves the plaintiff's choice of forum. *In Re Abbott Labs*, 2022 U.S. Dist. Lexis 111334, *6 (N.D. Ill. 2022)(cleaned up); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377 (7th Cir. 2000)(rule allows a plaintiff to keep a case in state court if any defendant is a citizen of the forum).

### B. This Court Should Not Authorize a Snap Removal, Which is Contrary to the Forum-Defendant Rule: This Court Should Remand the Lawsuit to Illinois State Court.

This Court should not confirm the use of this form of snap removal. It undermines the federal statutory scheme and relies on an ambiguous provision.

As applied here, there is diversity, but there are also two forum-defendants, CR Express and Steven Radak. Some courts have construed the clause "properly joined and served" as allowing a non-served defendant to file what is called a snap removal: the phrase allows a forum party to remove the matter prior to service. *In Re Abbott Labs*, 2022 U.S. Dist. Lexis, at *13; *Norwegian*, at *4 (pre-service removal is referred to as "snap removal" because it involves quickly filing for removal before service can be made). Courts are split and there are two schools of thought on this. Some Circuit Courts have affirmed the use reasoning that a plain reading of the joined and served clause: the provision precludes removal only when the forum-defendant has been served. *See*, e.g., *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). On the other hand, the reading allows for "absurd" result of a forum-defendant removing when that is clearly not the intent of the rule. The practice has resulted in "defense-side gamesmanship" by a forum-defendant to select a preferred forum. *In Re Abbott Labs*, 2022 U.S. Dist. Lexis at *12.

The Seventh Circuit has explained that the forum-defendant rule was "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris v. Nuzzo*, 718 F.3d at 665, *quoting Hurley v. Motor Coach Indus., Inc.*, 222 F.3d at 380. And, the Seventh Circuit *has not* approved the use of snap removal or supported it even in *dicta*. It has confirmed that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine their own forum" absent evidence of fraudulent joinder. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

A number of judges in this District have held that the snap removal is not supported, in the so called "purpose approach." *In Re Abbott Labs*, 2022 U.S. Dist. Lexis 111334 (N.D. Ill. 2022, J.Pallmeyer); *Norwegian Air Shuttle v. Boeing Co.*, 530 F.Supp.3d 764 (N.D. Ill. 2021, J.Wood); *Clesceri v. National Union Fire Ins. Co.*, 2021 U.S. Dist. Lexis 260908 (N.D. Ill. 2021, J.Pacold); *Kern v. Krso*, 2020 U.S. Dist. Lexis 122804, at *7 (N.D. Ill. 2020, J.Aspen)(applying purpose test over a "hyper technical" reading of "properly joined and served."); *In Re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F. Supp. 3d 952, 961-2 (N.D. Ill. 2014, J.Kennelly)(allowing snap removal would effectively eliminate the forum-defendant rule for a "vigilant defendant" and "smacks of forum shopping"). The removing party must clear the hurdle of the forum-defendant rule. *See*, *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

In *Abbott*, the Chief Judge of the Northern District, Judge Pallmeyer, ruled that the statute "does not sanction removal in every snap removed case." She held that the provision was clearly meant to address forum manipulation concerns but that the clause if ambiguous as to "properly joined and served." *Id.*, at 24-25. Allowing snap removal does not support the rule that courts will

134656638.1

5

not as likely be biased as to in-state parties. Snap removal simply creates a race to court to remove a matter prior to service since service generally "cannot happen immediately." *Clesceri*, at *2.

The rule does not frustrate fraudulent joinder rules, it is geared to them, in particular in this lawsuit. While some plaintiffs have named or joined a nominal party to defeat federal jurisdiction, the defendant parties here are both Illinois residents and there is no suggestion that either is fraudulently joined. In *Abbott*, Judge Pallmeyer granted a motion to remand based in part on the plaintiff's efforts to secure formal service of process in the federal system of the forum-defendant once the matter was removed.[1]

In Judge Wood's analysis in *Norwegian*, while courts must give effect to clear statutes, courts do not "read statutes 'in a vacuum'" but instead must analyze them in context. *Norwegian*, at *9-10 (cites omitted). She found that the forum-defendant rule is clear in seeking to limit a citizen of the forum state from removing the matter, as there is no danger of out-of-state bias. *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013)(the justification for diversity—protecting the out-of-state defendant from local bias—is not an issue if the defendant is a citizen of the forum state). The additional language of "properly joined and served" is ambiguous and subject to conflicting readings. For instance, one plausible reading is that it does not plainly state that a forum defendant may remove a case before *any* party is served. It is equally plausible to read the rule as requiring that at least one of the parties is served in order to justify snap removal.

---

[1] Other District Court judges have recognized snap removal. *See*, e.g., *Wragge v. Boeing Co.*, 532 F.Supp.3d 616 (N.D. Ill., J.Valderrama); *Tavistock Rest. Group v. Zurich Am. Ins. Co.*, 2021 U.S. Dist. Lexis 79416 (N.D. Ill., 2021, J.Kness); *West Bend Mut. Ins. Co. v. MSPPR, LLC*, 2021 U.S. Dist. Lexis 24545 (N.D. Ill. 2021, J.Kness). These judges have reasoned that if the purpose of this diversity provision is to prevent the prejudice of local court against out of state entities, snap removal does not encourage local prejudice. But snap still undermines the forum-defendant rule. Some courts reason that though snap removal might frustrate a plaintiff's original choice of forum, the complete diversity rules do that anyway.

Courts have read the term "before *any*" of the parties are properly served as requiring service of at least one defendant. *Holmstrom v. Harad*, 2005 U.S. Dist. Lexis 16694 (N.D. Ill. 2005, J.Aspen)(remand was required based on forum-defendant rule), *appeal den'd on other grounds* in *Holmstrom v. Peterson*, 492 F.3d 833 (7th Cir. 2006). This case is akin to *Holmstrom*, in some key parts. There, none of the forum defendants was served before a non-forum defendant removed the action. The court confirmed that:

> The purpose of the "joined and served" requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve. Defendants are entitled to act to remove a case based on circumstances at the time they are sued, and are not required to guess whether a named resident defendant will ever be served.

*Holmstrom v. Harad*, 2005 U.S. Dist. Lexis 16694 at *4 (cleaned up). After all, he said, a plaintiff should not be able to prevent a served defendant from removing by "naming, but not serving, a forum citizen as a defendant." In *Holmstrom*, the forum defendants, along with the dozens of others, had not been served and "the citizenship of the unserved Illinois Defendants (*i.e.*, the forum Defendants)" defeats jurisdiction. *Id.*, at *4. The court remanded the case.

Judge Pallmeyer determined that allowing snap removal lead to absurd results. *In Re Abbott*, at *28. A party can exploit a delay in service of process to undermine the crux of the forum-defendant rule. A "hyper technical reading" of the statute would frustrate the consistent effort of the courts to "determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734 (N.D. Ill. 2007, J.Lefkow), cited in *Norwegian*, at *6; and *Kern v. Krso*, 2020 U.S. Dist. Lexis 122804 (N.D. Ill. 2020, J.Aspen); *Grimard v. Montreal, Maine & Atl. Ry. Co.*, 2013 U.S. Dist. Lexis 126424 (N.D. Ill. 2013, J.Shadur). Judge Shadur ruled that there is no justification for treating "properly joined and

served" as permitting snap removal and somehow "trumping…the very purpose for which the forum defendant rule was adopted to begin with." *Id.*, at *7.

Courts have noted that the statute is also unclear as to whether "properly" modifies only "joined" or both "joined and served." And, according to Judge Pallmeyer "…the statute merely provides that once a forum-defendant is 'properly joined and served,' the case 'may not be removed'—but this does not specify when the service must occur to render the case nonremovable." *In Re Abbott*, at *21. That is, the provision "speaks of when an action cannot be removed, not when it can be removed." *Id.*, cites omitted. She confirmed the process that if the plaintiff demonstrated proper service after the removal, the case could be remanded.

The competing construction of 1442(b)(2) has resulted in "defense-side gamesmanship." *In Re Abbott*, at *12. The historical context of the statute and federal diversity jurisdiction suggests that provision was used to prevent a *plaintiff* from adding or naming parties as a strawman with no intention of serving of litigating against them, to defeat complete diversity. *In Re Abbott*, at *19. The statutes are undermined when a plaintiff "chooses not to 'properly join and serve' a party by improperly joining parties with no connection to the case or improperly delaying service." *Norwegian*, at *9. These machinations by a plaintiff will support snap removal.

There is no danger of manipulation by Great West in this case, as both of the named party are Illinois or forum defendants and Great West is not. Mr. Radak for instance was not added to prevent diversity, as he is diverse from Great West. All that is required is post-removal service of process, which Great West is attempting. CR Express, Inc., cannot justify a snap removal by arguing that a non-served party was merely added to defeat jurisdiction.

## IV. Conclusion

FOR THESE REASONS, Great West requests that this Court grant its *Motion to Remand* this lawsuit to the state court, the Circuit Court of Cook County, Illinois, from which it was removed per 28 U.S.C. §§1441(b)(2) and 1447(c).

Dated: January 18, 2023

Respectfully submitted,
**GREAT WEST CASUALTY COMPANY**,

By: */s/ Siobhán M. Murphy*
    One of Its Attorneys

Danny L. Worker (ARDC No. 6195554)
Siobhán M. Murphy (ARDC No. 6207431)
Vincent P. Tomkiewicz (ARDC No. 6200131)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718 / F: (312) 345-1778
Dan.Worker@lewisbrisbois.com
Siobhan.Murphy@lewisbrisbois.com
Vincent.Tomkiewicz@lewisbrisbois.com