## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREAT WEST CASUALTY CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-16942 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| CR EXPRESS, INC., and STEVE | ) | Mag Judge Beth W. Jantz |
| RADAK, | ) | |
| | ) | |
| Defendants. | ) | |

### CR EXPRESS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Now comes one of the Defendants, CR Express, Inc., by its attorneys, Burgland Law, LLC, and for its Response to Plaintiff's Motion to Remand, states to this Honorable Court as follows:

### INTRODUCTION

Plaintiff's motion to remand should be denied. The forum-defendant rule under 28 U.S.C. § 1441(b)(2) does not apply in this case because CR Express was not served prior to filing its Notice of Removal, and the plain language of the statute clearly states that the forum-defendant rule only applies when a forum defendant has been "properly joined and served." Other circuits addressing this situation have reached the same conclusion, that is, that the forum-defendant rule does not prohibit an in-state defendant from removal before service. *See Tex. Brine Co., LLC v. Am. Arbitration Ass'n*, 955 F.3d 482, 486 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3rd Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001). Courts in this district are split on this issue. CR Express submits that this Court should apply the plain and unambiguous language of section 1441(b)(2) and deny Plaintiff's motion to remand.

**ARGUMENT**

## I.     Removal Was Proper Under 28 U.S.C. § 1441(b)(2).

Plaintiff seeks remand based on the forum-defendant rule in § 1441(b)(2), and in doing so, invites the Court to traverse beyond the plain language of the statute. Because matters outside the statutory text have no import in the fact of unambiguous text, the forum-defendant rule is inapplicable in this case.

### A.     The statutory text does not prohibit removal until after the forum defendant has been served.

Application of the forum-defendant rule should turn on section 1441(b)(2)'s unambiguous text and nothing more. The statute prohibits removal based solely on diversity jurisdiction if the home state defendant has been "properly joined and served." Indeed, the statute states: "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any other parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Given that the statute's plain text prevents removal solely on diversity grounds only after the defendant is "served," and given that CR Express had not been served when it filed its notice, removal was proper.

Plaintiff does not dispute the language of the statute (Doc. 12, p. 3), and it even recognizes that CR Express had not been served when it removed the action (Doc. 12, p. 1). Plaintiff further acknowledges that "Other District Court judges have recognized 'snap removal' (Doc. 12, p. 6, n1) (citing *Wragge v. Boeing Co.*, 532 F.Supp.3d 616 (N.D. Ill. 2021); *Tavistock Rest. Group v. Zurich Am. Ins. Co.*, 2021 U.S. Dist. Lexis 79416 (N.D. Ill., 2021); *West Bend Mut. Ins. Co. v. MSPPR, LLC*, 2021 U.S. Dist. Lexis 24545 (N.D. Ill. 2021)).

Plaintiff, however, asserts that section 1441(b)(2) is ambiguous and that removal in this case undermines "the statutory federal scheme" (Doc. 12, p. 4). Not so.

2

In the first instance, the statute is not ambiguous. It plainly sets forth that: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As Plaintiff admits in its motion, CR Express was not served before it filed its Notice of Removal. Because the language of the statute is plain and unambiguous, there is no need for the Court to look to extrinsic aids of statutory interpretation.

Indeed, the Supreme Court and Seventh Circuit have each rejected consideration of interpretative aids where, as here, the statutory text is unambiguous. *See Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"); *United States v. Melvin,* 948 F.3d 848, 852 (7th Cir. 2020) ("If the statutory language's plain meaning is unambiguous, [the Court's] inquiry ends there."); *see also Tex. Brine Co,* 955 F.3d at 486 (5th Cir.); *Gibbons,* 919 F.3d at 707 (2d Cir.); *Encompass,* 902 F.3d at 153 (3rd Cir.); *McCall,* 239 F.3d at 813 n.2 (6th Cir.). Following what the text plainly says is critical for statutes concerning procedure and jurisdiction, where "simplicity" and clarity are principal virtues. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 172 (2014); *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 11–12, 14 (2015).

In this case, there is no material dispute that § 1441(b)(2) is unambiguous. The plain text "leaves no wiggle room: removal is barred only when any 'properly joined and *served*' defendant is a forum citizen." *Grandinetti v. Uber Techs., Inc.*, 2020 U.S. Dist. LEXIS 136827, at *12 (N.D. Ill. Aug. 1, 2020) (emphasis in original); *see also Tex. Brine Co.*, 955 F.3d at 487 (there is no "doubt about the propriety of removal" before service because "the text" of § 1441(b)(2) "is unambiguous"); *Encompass Ins. Co.*, 902 F.3d at 152 ("Starting with the text, we conclude that

the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *D.C. v. Abbott Lab., Inc.,* 323 F. Supp. 3d 991, 997 (N.D. Ill. 2018); ("The language of § 1441(b) is clear and unambiguous: a case otherwise removable on the basis of diversity jurisdiction cannot be removed from state court 'if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.'") (emphasis in original).

Based on the foregoing, this Court should apply the plain text of section 1441(b)(2) and deny Plaintiff's motion to remand.

### B. The weight of authority supports removal.

As stated above, other circuit courts have rejected the extra-textual purpose of § 1441(b)(2) and have "instead look[ed] to the plain meaning of the statute and conclude[d] that removal before service on an in-form defendant is permissible based on the 'properly joined and served' language." *Abbott Lab.*, 323 F. Supp. 3d at 995. In this district, most courts addressing the issue have allowed removal even in the face of a forum defendant, applying the "plain language" approach. See *Wragge,* 532 F.Supp.3d 616; *W. Bend Mut. Ins. Co.,* 2021 WL 463259, at *4; *I.T.M. v. Midwest Can Co., LLC,* 2021 WL 170734, at *3 (N.D. Ill. Jan. 19, 2021); *Serv. Corp. Int'l v. Stericycle, Inc.,* 2020 WL 6565253, at *4 (N.D. Ill. Nov. 9, 2020); *Grandinetti*, 2020 U.S. Dist. LEXIS 136827, at *10–12; *Abbot Lab.,* 323 F. Supp. 3d at 996-97; *Graff v. Leslie Hindman Auctioneers, Inc.,* 299 F. Supp. 3d 928, 937 (N.D. Ill. 2017); *Selective Ins. Co. of S.C. v. Target Corp.,* 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013) ("Read literally, the forum defendant rule only precludes removal when a forum defendant has been 'properly joined and served.' 28 U.S.C. § 1441(b)(2). As many courts have recognized, therefore, an unserved forum defendant will generally not defeat removal.") (citation and internal quotation marks

omitted); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *2 (N.D. Ill. Nov. 29, 1999) (under § 1441(b), "[defendants] were not served at the time of removal, so their status as resident defendants cannot be construed to defeat removal").[1]

It is true that some courts in this district have followed the "purpose approach," which considers ancillary means of statutory interpretation when deciding whether to allow removal by an in-forum defendant. *See In Re Abbott Labs*, 2022 U.S. Dist. Lexis 111334 (N.D. Ill. 2022); *Norwegian Air Shuttle ASA v. The Boeing Co.*, 530 F.Supp.3d 764, 769-71 (N.D. Ill. Mar. 30, 2021); *Kern v. Krso*, 2020 WL 3960509, at *4 (N.D. Ill. July 13, 2020); *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014); *Grimard v. Montreal, Maine & Atl. Ry., Inc.*, 2013 WL 4777849, at *2 (N.D. Ill. Sept. 5, 2013); *Vivas v. Boeing Co.,* 486 F.Supp.2d 726, 734-35 (N.D. Ill. 2007).

While the Seventh Circuit has not decided the issue, nothing suggests that the court would disagree with other circuits applying the plain language of section 144(b)(2). See *Tex. Brine Co.*, 955 F.3d at 486; *Gibbons*, 919 F.3d at 707; *Encompass Ins.*, 902 F.3d at 153; *McCall*, 239 F.3d at 813 n.2.

C. **An extra-textual analysis favors removal.**

One specific purpose of section 1441(b)(2) is preventing fraudulent joinder, and

---

[1] Other cases from this district and elsewhere in the Seventh Circuit reaching the same result include: *Whipkey v. Eli Lilly & Co.*, 2020 U.S. Dist. LEXIS 105275, at *3–10 (S.D. Ind. June 16, 2020) (Barker, J.); *Sheffer v. Cottrell, Inc.*, 2009 U.S. Dist. LEXIS 37641, at *8–9 (S.D. Ill. Apr. 30, 2009) (Herndon, J.); *Massey v. Cassens & Sons, Inc.*, 2006 U.S. Dist. LEXIS 9675, at *7–8 (S.D. Ill. Feb. 16, 2006) (Herndon, J.); *Great Am. Ins. Co. v. K&R Transp., Inc.*, 2004 U.S. Dist. LEXIS 8695, at *1 n.1 (N.D. Ill. May 17, 2004) (Plunkett, J.); *Test Drilling Serv. Co. v. Hanor Co., Inc.*, 322 F. Supp. 2d 953, 957 (C.D. Ill. 2003) (Scott, J.); and *In re Bridgestone/Firestone Inc., Tires Prods. Liab. Litig.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) (Barker, J.).

"[a]llowing a defendant that has not been served to remove a lawsuit to federal court 'does not contravene' Congress's intent to combat fraudulent joinder." *Gibbons*, 919 F.3d at 706 (quoting *Encompass Ins.*, 902 F.33d at 153). The relevant legislative history indicates that Congress intended for § 1441(b)(2) to provide "a bright-line rule," tied to service, to ensure that plaintiffs could not fraudulently block removal by joining forum defendants but never serving them with process. *Encompass Ins.*, 902 F.3d at 15. The plain meaning of section 1441(b)(2) achieves both ends, by preserving clarity and foreclosing the "specific problem" of fraudulent joinder. *Id.*

And further, it makes sense that the statutory limit on removal is contingent on service, because that is the traditional point at which a defendant becomes "subject to [a] court's authority." *Murphy Bros., Inc. v. Michietti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999). Other limits on removal, including the 30-day deadline for removal and the 21-day deadline for responsive pleading, also activate only upon service. *Id*. at 353–55; *see* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 81(c). Logically, it makes sense for service to the trigger the forum-defendant rule, rather than making this the "sole instance in which one's procedural rights slip away before service of a summons, *i.e.*, before one is subject to any court's authority." *Murphy Bros.*, 526 U.S. at 363, 356.

It should also be noted that Congress has had opportunities to change the rule and has not done so. "Congress enacted the 'properly joined and served' language in Section 1441(b) at the statute's inception back in 1948" and has thereafter "left that particular statutory text intact for decades." *Grandinetti*, 2020 U.S. Dist. LEXIS 136827, at *15–16. In 2011, Congress overhauled the removal statute to address several splits of authority and clarify the removal scheme for litigants and judges. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 135 Stat. 758, 759–62; *see also* H.R. Rep. No. 112-10, at 1–2 (2011)

(explaining that the statute was designed to "bring[] more clarity to the operation of Federal jurisdiction statutes" and "identify and delete those provisions that were considered controversial"). By that time there were numerous opinions splitting on the issue. *See, e.g.*, *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (collecting more than a dozen cases). "Congress is presumed to be aware of judicial interpretations of its acts" when re-enacting a statute. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 355 (7th Cir. 2017). Yet Congress did not alter the substance of § 1441(b)(2), nor insert a proviso banning removals by forum state defendants prior to service. The 2011 reenactment buttresses the case for reading the text as Congress wrote it: to prohibit removal only by forum defendants who—unlike CR Express—were "properly joined and served." *See Tex. Brine*, 955 F.3d at 486 (citing lack of revision in 2011); *Grandinetti*, 2020 U.S. Dist. LEXIS 136827, at *15–16 ("Congress has left that particular statutory text intact for decades, and it is not the role of the federal courts to rewrite it."); *Abbott Lab.*, 323 F. Supp. 3d at 997 (forum-defendant removals before service are "sufficiently common to imagine that Congress will rewrite the statute if it" wants to prohibit all diversity removals by in-state defendants; in the meantime, "it is not the role of the federal courts to rewrite it.").

Plaintiff tacitly accuses CR Express of "gamesmanship," quoting *In Re Abbott Labs*, 2022 U.S. Dist. Lexis 111334, which found that a "plain language" interpretation of section 1442(b)(2) results in "defense-side gamesmanship" (Doc. 12, p. 8). But the circuit courts have found section 1441(b)(2)'s language is unambiguous and that it precludes application of any presumption against removal. *See, e.g.*, *Tex. Brine Co.*, 955 F.3d at 487 (concluding that because section1441(b)(2) is "unambiguous," the presumption in favor of remand does not apply); *Encompass Ins.*, 902 F.3d at 154 n.3 (same). Here, CR Express has only "availed itself of the

plain meaning of the [removal] statute, for which there is precedential support." *Encompass Ins.*, 902 F.3d at 154. The window of opportunity to remove this particular case, between the filing of the complaint and service, was a function of the Illinois service statute, which, like the forum-defendant rule itself, has not been amended in response to removals by forum defendants before service. *See* 735 ILCS 5/2-201, 5/2-202(a) (requiring that process be served by a sheriff in a county with a population of 2,000,000 or more). Whether that opportunity will exist in other cases will depend on the particular case at issue, including where it is filed. Such "state-by-state variation is not uncommon in federal litigation, including in the removal context," and it is no justification to "look beyond the plain text of Section 1441(b)(2)." *Gibbons*, 929 F.3d at 706 (citing *Murphy Bros.*, 526 U.S. at 354–55).

### D. Post removal service of CR Express does not justify remand.

In passing, Great West mentions that *In Re Abbott Labs* granted a motion to remand based in part "on the plaintiff's efforts to secure formal service of process in the federal system of the form-defendant once the matter was removed" (Doc. 12, p. 6). CR Express expects that in its reply, Great West will point to its post-removal service efforts as a basis for remand. The Court should disregard any attempt by Great West to further expand on this argument. See *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 360 (7th Cir. 2016) (undeveloped arguments, and arguments first made in a reply brief, are waived) (citing cases). Furthermore, as *In Re Abbott Labs* conceded, removability is ordinarily determined from the record before the court at the time of removal. See Wright & Miller, Federal Practice and Procedure § 3723.

The statutory text of section 1441 confirms the general rule that post removal acts do not factor into the analysis—as numerous courts have recognized with respect to subject matter jurisdiction. See *Spencer v. U.S. Dist. Court for Northern of Cal.*, 393 F.3d 867 (9th Cir. 2004)

("When removal is proper at that time, subsequent events, at least those that do not destroy original subject matter jurisdiction, do not require remand) (citing *Van Meter v. State Farm Fire & Cas. Co.*,1 F.3d 445, 450 (6th Cir.1993); *In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir.1992) (stating that nothing in the text or legislative history of § 1447(c) alters the "traditional view" that "jurisdiction present at the time a suit is… removed is unaffected by subsequent acts"). The rule should be no different for purposes of applying the forum-defendant rule. Since post-removal acts do not affect the removal inquiry, Great West's efforts to serve CR Express after the notice was filed are ineffectual and do not call for remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand should be denied.

Respectfully submitted:

BURGLAND LAW, LLC

BY: */s/Richard M. Burgland*

Richard M. Burgland
Bar Number: 06289146
BURGLAND LAW, LLC
89 N. Edgewood Ave
La Grange, Illinois 60525
Telephone:      (773) 294-7743
E-Mail: rmb@burglandlaw.com
*Attorneys for Defendant CR Express, Inc.*