**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, ) <br> a Nebraska corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CR EXPRESS, INC., ) <br> an Illinois corporation; and ) <br> STEVE RADAK, individually ) <br> and on behalf of others similarly situated, ) <br> ) <br> Defendants. ) | Case No.: 1:23-CV-16942 <br><br> Hon. Steven C. Seeger <br> Mag. Judge Beth W. Jantz <br><br> (removed) |

**GREAT WEST CASUALTY COMPANY'S
<u>REPLY IN SUPPORT OF ITS MOTION TO REMAND</u>**

Plaintiff, Great West Casualty Company, ("Great West" or "GWCC") through undersigned counsel submits the following *Reply in Further Support* of its Motion to Remand this lawsuit to the Circuit Court of Cook County, Illinois. (Doc. 11 & 12). Great West files this Reply to the CR Express' *Response to Plaintiff's Motion to Remand*, (Doc. 16) and pursuant to this Court's *Docket Entry* of January 24, 2024, (Doc.13) and per 28 U.S.C. §§1332, 1441, 1446, and 1447(c); and, L.R. 5.3 of U.S. District Court for the Northern District of Illinois. Great West states as follows:

<u>**ARGUMENT IN FURTHER SUPPORT**</u>

The removal in this lawsuit is based on federal diversity jurisdiction and the value of the claim is in excess of $75,000. (Doc.1). 28 U.S.C. §§1332, 1441(b), 1446. However, the removing party is a forum-defendant: CR Express, Inc., is an Illinois corporation with its principal place of

37674193

business in Elk Grove Village, Cook and DuPage Counties, Illinois. Steven Radak is an Illinois resident. Great West is incorporated and has its principal place of business in Nebraska.[1]

The forum-defendant rule restricts the right of a forum-defendant from removing a case from state court in the state of citizenship, and it applies to this case. The statute provides that:

> [a] civil action otherwise removable [on grounds of diversity]…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b)(2).

CR Express seeks to invoke the so-called snap removal—a term not used in the federal rules or statutes—by claiming that it should benefit from the time it was not formally served to avoid the forum-defendant rule. CR Express relies on other Circuits' rulings, primarily *Texas Brine Company v. American Arbitration Asso.*, 955 F.3d 482 (5th Cir. 2020)(Louisiana law), as the U.S. Court of Appels for the Seventh Circuit has not approved this maneuver. The *Texas Brine* case is relied on as a key ruling to support removal prior to service on *a* party and is widely-cited. However, *Texas Brine* is limited by its procedural posture and the alignment of parties seeking removal and does not support CR Express' effort to avoid Illinois state courts.

In *Texas Brine*, the Texas Brine Company filed a lawsuit in Louisiana state court against the A.A.A. arbitration entity (New York), and two individual arbitrators (citizens of Louisiana), for damages and equitable relief arising out of the conflicts-marred arbitration between Texas Brine and a supplier Vulcan Supply, a non-party. The served, out-of-state defendant A.A.A.

---

[1] Great West filed its *Complaint for Declaratory Judgment* in December 2023 in Illinois state court, *Great West Cas. Co. v. CR Express, et al.*, (Case No. 2023-CH-9927, Circuit Court of Cook County, Illinois, Chancery Division, "Declaratory Lawsuit"). (Doc. 1-1). The Declaratory Lawsuit seeks relief regarding the parties' rights and obligations under an insurance policy for a lawsuit titled *Steven Radak, et al., v. CR Express, Inc.*, (Case No. 2023 LA 227, Circuit Court of McHenry County, Illinois, "Radak Lawsuit"), which seeks damages under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. (Doc. 1-1).

37674193

removed the case to federal court in Louisiana based upon diversity, prior to the time the two arbitrators and forum-defendants were served. Texas Brine moved to remand.

The court framed the issue as:

> …whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state.

*Texas Brine*, 955 F.3d at 485. The court held it did not and applied a plain-language construction to the phrase "properly joined and served" to hold that the forum-defendant rule did not preclude A.A.A.'s effort to remove the case. The court again limited its ruling stating that,

> the forum-defendant rule's procedural barrier to removal was irrelevant because the only defendant "properly joined and served," the AAA, was not a citizen of Louisiana, the forum state.

*Id.*, at 486. Once further, the court stated that:

> A *non-forum defendant* may remove an otherwise removable case even when a named defendant who has yet to be "properly joined and served" is a citizen of the forum state.

*Id.*, at 487 (italics added).

None of these findings or rulings apply here, and the differences are glaring. First, in *Texas Brine*, the non-forum defendant sought removal where the traditional federal concerns about home-state hostility remained. Here, there is no concern about an Illinois court being hostile to CR Express the forum-defendant. In this lawsuit, there are no non-forum or out-of-state defendant parties. Second, in *Texas Brine*, there remained an argument that the two Louisiana arbitrators were named to defeat federal diversity jurisdiction or were fraudulently named and not served by Texas Brine. Here, there is no such concern as both CR Express and Radak are citizens of Illinois. CR Express refers to none of the three quoted holdings. It cites *Texas Brine* for more than it is worth. The case does not support CR Express' maneuver in this case.

37674193

3

The court in *Grandinetti*—cited by CR Express—also supports Great West. *Grandinetti v. Uber Technologies, Inc.*, 476 F.Supp.3d 747 (N.D. Ill. 2020). There, the court reiterated that the forum-defendant rule was "…designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Grandinetti*, 476 F.Supp.3d at 754 and citing *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); *see also*, *Betar v. De Havilland Aircraft*, 603 F.2d 30, 35 (7th Cir. 1979)(the purpose of diversity jurisdiction is to "prevent local prejudice"). In our case, there is no danger of out-of-state prejudice. And, this Court should not allow a forum defendant to circumvent the forum-defendant rule.

Rather, this Court should follow and apply other rulings from this District. *In Re Abbott Labs*, 2022 U.S. Dist. Lexis 111334 (N.D. Ill. 2022, J.Pallmeyer); *Norwegian Air Shuttle v. Boeing Co.*, 530 F.Supp.3d 764 (N.D. Ill. 2021, J.Wood); *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734 (N.D. Ill. 2007, J.Lefkow). All refused to recognize or sanction the use of snap removal under Section 1441(b)(2).

The Court in *Norwegian Air Shuttle* determined that the construction of "properly joined and served" is ambiguous. It does not plainly state that a forum defendant may remove a case before *any* party is served. It is equally plausible to read the rule as requiring that at least one of the parties is served in order to justify snap removal. In Judge Wood's analysis courts do not "read statutes 'in a vacuum'" but instead must analyze them in context. *Norwegian*, at *9-10 (cites omitted); also, *see*, *Kern v. Krso*, 2020 U.S. Dist. Lexis 122804 (N.D. Ill. 2020, J.Aspen)(applying the congressional intent and purpose of forum-defendant rule over a "hyper-technical" reading of "joined and served"). The court found *Texas Brine* and like cases "unpersuasive" because the narrow focus on "properly joined and served" as allowing the "snap-removal loophole" in effect

writes the forum-defendant rule off the books. *Norwegian*, at *14. She noted also that *Texas Brine* did not undertake an ambiguity analysis of "properly joined and served."

According to Judge Pallmeyer, the so-called snap removal simply creates a race to court to remove a matter prior to service since service generally "cannot happen immediately" *Abbot Labs*, and, *see Clesceri v. National Union Fire Ins. Co.*, 2021 U.S. Dist. Lexis 260908 (N.D. Ill. 2021, J.Pacold). The Seventh Circuit *has not* approved the use of snap removal or supported it even in *dicta*. Rather, it has held that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine their own forum" absent evidence of fraudulent joinder. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

In *Abbott*, Judge Pallmeyer granted a motion to remand based in part on the plaintiff's efforts to secure formal service of process in the federal system of the forum-defendant once the matter was removed. In our case, CR Express has been served with process. (Doc. 17 Summons Returned Executed on February 9, 2024). In Judge Pallmeyer's reasoning, this acts to prevent the dangers of fictitious entities or "strawman in state defendant to defeat complete diversity." *In Re Abbott*, at *12.

In *Holmstrom*, similar to this case, none of the forum defendants was served before a non-forum defendant removed the action and the court granted a motion to remand. *Holmstrom v. Harad*, 2005 U.S. Dist. Lexis 16694 (N.D. Ill. 2005, J.Aspen). The court confirmed that:

> The purpose of the "joined and served" requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve. Defendants are entitled to act to remove a case based on circumstances at the time they are sued, and are not required to guess whether a named resident defendant will ever be served.

*Holmstrom v. Harad*, 2005 U.S. Dist. Lexis 16694 at *4 (cleaned up). Courts will not allow a plaintiff to "nam[e], but not serv[e], a forum citizen as a defendant" to thwart federal diversity

37674193

jurisdiction. In this case, there is no danger of manipulation by Great West as both of the named party defendants are Illinois or forum defendants and Great West is not. Steven Radak, the BIPA claimant, was not added to prevent diversity, as he is diverse from Great West. CR Express, Inc., cannot justify a snap removal by arguing that a non-served party was merely added to defeat jurisdiction.

## CONCLUSION

FOR THESE REASONS, Great West requests that this Court grant its *Motion to Remand* this lawsuit to the state court, the Circuit Court of Cook County, Illinois, from which it was removed per 28 U.S.C. §§1441(b)(2) and 1447(c).

Dated: March 4, 2023                     Respectfully submitted,

                                         **GREAT WEST CASUALTY COMPANY**,

                                         By: */s/ Siobhán M. Murphy*
                                                 One of Its Attorneys

Danny L. Worker (ARDC No. 6195554)
Siobhán M. Murphy (ARDC No. 6207431)
Vincent P. Tomkiewicz (ARDC No. 6200131)
CLYDE & CO US LLP
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
Ph: (312) 635-7000
dan.worker@clydeco.us
siobhan.murphy@clydeco.us
vincent.tomkiewicz@clydeco.us