UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREAT WEST CASUALTY CO., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16942 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| CR EXPRESS, INC. and | ) | |
| STEVE RADAK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Great West Casualty Company filed this declaratory judgment action in state court about its insurance obligations in an underlying lawsuit. Its insured, Defendant CR Express, Inc., removed this case to federal court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.

There is complete diversity of citizenship, so the existence of diversity jurisdiction isn't a problem. But the removal came with a potential hitch. CR Express is an Illinois corporation, and it was sued in state court in Illinois. The removal statute includes a forum-defendant rule that normally prevents an in-state defendant from fleeing to federal court. There is nothing to fear when you litigate in your own backyard.

The removal came with another wrinkle. CR Express removed the case before service of process. Based on the plain text of the statute, the forum-defendant rule only comes into play when the defendant was properly served with process. Here, CR Express removed the case before service of process, so the forum-defendant rule does not apply.

For the following reasons, Plaintiff's motion to remand is denied.

**Background**

Plaintiff Great West Casualty Company sued Defendants CR Express, Inc. and Steve Radak in Illinois state court. *See* Cplt. (Dckt, No. 1-1). Great West seeks a declaration that it doesn't have to pick up the bill for its insured, CR Express, in underlying litigation brought by Radak. *Id.* at ¶ 15.

That underlying litigation involves the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq. Id.* at ¶¶ 8, 10. Radak filed a putative class action lawsuit in state court

seeking damages against CR Express. Radak claims that he previously worked for CR Express and was "required to clock in and out of work using [his] fingerprints." *Id.* at ¶ 8.

Great West issued a commercial insurance policy to CR Express, and that policy was in effect while Radak worked for the company. *Id.* at ¶ 12. CR Express believed that the policy covered the *Radak* lawsuit. Great West balked at coverage. *Id.* at ¶¶ 16–56.

So, Great West brought a six-count complaint against CR Express and Radak, seeking a declaration that the *Radak* suit falls outside the scope of coverage. *Id.*

CR Express apparently got wind of this lawsuit, before it received service of process. CR Express did not miss a beat, and sprang into action. CR Express filed a notice of removal, and thus removed the case from state to federal court. *See* Notice of Removal (Dckt. No. 1). CR Express contends that diversity jurisdiction lies under 28 U.S.C. § 1332. *Id.* at ¶ 11.

According to CR Express, there is complete diversity of citizenship. Great West is a citizen of Nebraska, while CR Express and Radak are Illinois citizens. *Id.* at ¶¶ 8–11. And the amount in controversy exceeds $75,000, as CR Express could face millions of dollars in liability in the underlying suit. *Id.* at ¶ 12.

Great West moved to remand. *See* Pl.'s Mtn. to Remand (Dckt. No. 11). The company admits that this suit satisfies section 1332's requirements for diversity jurisdiction. But Great West asserts that the forum-defendant rule of 28 U.S.C. § 1441(b)(2) bars removal. *Id.* at 2.

CR Express opposes the motion to remand. *See* Def. CR Express's Resp. to Pl.'s Mtn. to Remand (Dckt. No. 16). It contends that the forum-defendant rule does not apply because it was not "properly served" before it filed the notice of removal. *Id.* at 1.

With that windup, the Court turns to the motion to remand.

**Analysis**

The question at hand is about a procedure commonly known as "snap removal." The key question is whether, under 28 U.S.C. § 1441(b)(2), an in-state defendant can "snap remove" a case to federal court before service of process. The punchline is that the statutory language permits snap removal. That's what the statute says, so that's what the law is.

As always, the Court's starting point is the text. *See, e.g.*, *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 408 (2017) ("[C]ourts must give effect to the clear meaning of statutes as written.") (cleaned up). The text, after all, is the law.

When the statutory language is unambiguous, that text is the Court's end point, too. *See, e.g.*, *United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020) ("If the statutory language's plain meaning is unambiguous, our inquiry ends there."). There is no need to rethink the words when the words themselves give the answer.

2

The removal statute includes a provision called the forum-defendant rule. Generally speaking, the provision limits the ability of an in-state defendant to remove a case to federal court. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

The basic idea is that an in-state defendant is already at home. And an in-state defendant has nothing to fear from litigating at home.

Several courts in this district have concluded that section 1441(b)(2) unambiguously permits a forum-state defendant to remove a case before service of process. *See, e.g.*, *Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 621 (N.D. Ill. 2021) (Valderrama, J.); *Tavistock Rest. Grp., LLC v. Zurich Am. Ins. Co.*, 2021 WL 1614519, at *3 (N.D. Ill. 2021) (Kness, J.); *Serv. Corp. Int'l v. Stericycle, Inc.*, 2020 WL 6565253, at *4 (N.D. Ill. 2020) (Kendall, J.); *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 756 (N.D. Ill. 2020) (Chang, J.); *D.C. v. Abbott Lab'ys Inc.*, 323 F. Supp. 3d 991, 997 (N.D. Ill. 2018) (Dow, J.); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 937 (N.D. Ill. 2017) (St. Eve, J.).

The Seventh Circuit has yet to reach this issue. That's not entirely surprising. After all, "failure to comply with the forum defendant rule is . . . a defect in the removal that bars [the Seventh Circuit's] review." *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007). So, snap removal wouldn't come up on appeal very often.

Still, a few sister circuits have weighed in on snap removal. Those courts have all concluded that the plain language of section 1441(b)(2) permits snap removal. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–53 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

Overall, most courts stick with the plain meaning of the text. *See I.T.M. v. Midwest Can Co., LLC*, 2021 WL 170734, at *2 (N.D. Ill. 2021) (Dow, J.) ("[T]he majority of the courts . . . follow the plain meaning of the text."). This Court agrees with the weight of authority.

Section 1441(b)(2) is unambiguous. Under section 1441(b)(2), the forum-defendant rule only applies to defendants who were "properly joined and served." It does not apply to an in-state defendant who was not yet served.

Here, Great West admits that CR Express "had not been served with process prior to the Notice of Removal." *See* Pl.'s Mtn., at 2 (Dckt. No. 11). In other words, CR Express removed the case before it was "properly served." So, based on the plain text of section 1441(b)(2), CR Express was entitled to remove the case.

The statutory text is clear, so this Court has reached the end of the line.

3

The result would not change even if the Court broadened the lens and considered the overarching statutory purpose.  "When interpreting statutes, [courts] give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent."  *Jefferson v. United States*, 546 F.3d 477, 483 (7th Cir. 2008) (cleaned up).  Those narrow exceptions do not apply here.

For starters, snap removal does not frustrate the overall purpose of the statutory scheme.

The purpose of diversity jurisdiction is to "prevent local prejudice."  *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 35 (7th Cir. 1979); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010) (explaining that diversity jurisdiction is meant to protect defendants who "might otherwise suffer from local prejudice").  Diversity jurisdiction helps to prevent out-of-state defendants from getting railroaded.

Snap removal may not *prevent* local prejudice, because locals are unlikely to be prejudiced against locals.  An Illinois defendant doesn't have much to fear from Illinois citizens, at least when it comes to geographical biases.  Still, snap removal does not *encourage* local prejudice, either.  *See Tavistock Rest. Grp.*, 2021 WL 1614519, at *3.

Snap removal does not make the problem of prejudice better (because there is likely no prejudice).  But snap removal doesn't make it worse, either.  So, enforcing the plain meaning of section 1441(b)(2) does not frustrate the statute's purpose.  *See Grandinetti*, 476 F. Supp. 3d at 755; *Wragge*, 532 F. Supp. 3d at 622.

In a similar vein, snap removal does not contravene clearly expressed legislative intent.  *See Grandinetti*, 476 F. Supp. 3d at 755.

Congress included the phrase "properly joined and served."  Congress did so to "address[] a specific problem – fraudulent joinder by a plaintiff – with a bright-line rule."  *Encompass Ins.*, 902 F.3d at 153.  Fraudulent joinder occurs when a plaintiff names a nondiverse or in-state defendant who does not belong, simply to avoid the federal courthouse.  *See, e.g.*, *Wragge*, 532 F. Supp. 3d at 623.  The idea is that suing a defendant who doesn't belong can't frustrate another defendant's ability to remove the case to federal court.

Snap removal "'does not contravene' Congress's intent to combat fraudulent joinder."  *See Gibbons*, 919 F.3d at 706 (quoting *Encompass Ins.*, 902 F.3d at 153).  That is, allowing an unserved, in-state defendant to remove a case to federal court does not prevent courts from policing fraudulent joinder.  *See Wragge*, 532 F. Supp. 3d at 623.  "[O]n the contrary, keeping the bright line rule as a bright line, with its requirement of proper service in addition to proper joinder, decreases the likelihood that cases might be improperly remanded due to fraudulent joinder."  *Tavistock Rest. Grp.*, 2021 WL 1614519, at *4.

Snap removal does not lead to absurd results, either.  "The absurdity bar is high, as it should be.  The result must be preposterous, one that no reasonable person could intend."  *Tex. Brine Co.*, 955 F.3d at 486.  Snap removal falls well short of that high bar.

4

"Interpreting the removal statute this way may be peculiar but the outcome is not so outlandish as to constitute an absurd or bizarre result." *Stericycle, Inc.*, 2020 WL 6565253, at *4 (cleaned up). To the contrary, "Congress may well have adopted the 'properly joined and served' requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent." *Gibbons*, 919 F.3d at 706; *see also I.T.M.*, 2021 WL 170734, at *3.

At some level, it does seem somewhat anomalous that an unserved defendant would file something. After all, before service of process, a party is not formally in a lawsuit. But then again, a defendant doesn't have to receive service of process to participate in the lawsuit. A defendant can always choose to waive service of process. So, strictly speaking, the failure to serve a party with process doesn't mean that the party isn't a party. It simply means that the party is an unserved party.

At the end of the day, Congress sets the rules. Congress has the power to define who can remove a case to federal court, and when. Allowing an in-state defendant to remove a case before service of process – but not *after* service of process – may not seem like the most sensible line to draw. But Congress holds the pen, and draws the lines.

In sum, section 1441(b)(2) unambiguously allows an in-state defendant to remove a case to federal court if that party was not properly served. The plain meaning controls. So, CR Express was entitled to remove this case.

Looking outside the text, Great West makes a few policy arguments. It urges this Court to adopt a "purpose approach." *See* Pl.'s Mem., at 5 (Dckt. No. 12). This Court concludes that the language is unambiguous. So, there's no need to consider policy. *See BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 245 (2021) ("[E]ven the most formidable policy arguments cannot overcome a clear statutory directive.") (internal quotation marks omitted).

That said, several courts within this district have concluded that the statutory language is ambiguous. After reaching that conclusion, these courts have applied the purpose approach to reject parties' attempts at snap removal. *See, e.g.*, *Pa. Mfrs.' Ass'n Ins. Co. v. Fidelitone, Inc.*, 2024 WL 1461459, at *7 (N.D. Ill. 2024) (Lefkow, J.); *In re Abbott Lab'ys Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 2257182, at *1 (N.D. Ill. 2022) (Pallmeyer, J.); *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 770 (N.D. Ill. 2021) (Wood, J.); *Kern v. Krso*, 2020 WL 3960509, at *4 (N.D. Ill. 2020) (Aspen, J.); *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014) (Kennelly, J.).

These "courts have rejected so-called 'snap removal' because allowing removal under this circumstance creates an opportunity for gamesmanship by defendants, undermines plaintiffs' right to choose the forum, and seems at odds with the intent of Congress, which sought to prevent gamesmanship by plaintiffs." *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 (4th ed. 2024) (collecting cases); *see also* 16 James Wm. Moore *et al.*, Moore's Federal Practice § 107.55 (3d ed. 2023) ("[T]he literal interpretation of § 1441(b)(2) enables gamesmanship by defendants who, by monitoring the state docket and removing actions to federal court before the plaintiff has a chance to serve the forum defendant, can always avoid the rule.").

Reasonable minds can differ about what rule makes sense from a policy perspective. As one leading treatise has reported, "even courts that permit snap removal recognize that policy arguments weigh heavily against it." *See* 16 James Wm. Moore *et al.*, Moore's Federal Practice § 107.55 (3d ed. 2023).

But there is not much room to debate who makes the policy decisions. That's the legislative branch. The elected representatives of We The People decide the policy questions. Congress draws the lines, and courts must follow them wherever they lead.

At the end of the day, CR Express did what the statute allows. It removed the case to federal court. It did so before it received service of process. So the forum-defendant rule does not apply, based on the plain language of the statutory text.

For these reasons, the Court denies Plaintiff's motion to remand.


Date: July 22, 2024

Steven C. Seeger
United States District Judge

6