**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREAT WEST CASUALTY CO.,

       Plaintiff,

       v.

STEVE RADAK,

       Defendant.

No. 23 CV 16942

Judge Georgia N. Alexakis

**MEMORANDUM OPINION AND ORDER**

This case is an insurance coverage dispute. Great West Casualty Company (the insurer) asked the Court to declare that it has no duty to defend or indemnify CR Express, Inc. (the insured) in a lawsuit brought by Steve Radak against CR Express. CR Express has since assigned its rights under the Great West policy to Radak, so the dispute is now between Great West and Radak. Great West has moved for judgment on the pleadings. For the following reasons, that motion is denied.

## I.    Legal Standards

Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is clearly entitled to judgment as a matter of law. *See Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). In resolving a motion for judgment on the pleadings, the court is "confined to the matters presented in the pleadings, and [it] must consider those pleadings in the light most favorable to [the non-moving party]." *Id. See also Wagner v. Teva Pharms. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016) ("In assessing a motion for judgment on the

pleadings, [courts] draw all reasonable inferences and facts in favor of the nonmovant, but need not accept as true any legal assertions.").

For purposes of a Rule 12(c) motion, "[t]he pleadings include the complaint, the answer, and any written instruments attached as exhibits," such as affidavits, letters, contracts, and loan documentation. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998); *see also United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"When a [party] moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the [moving party] is entitled to relief." *See Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (citing *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). "[T]o succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Id.* (citing *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452).

## II. Facts or Background

Radak brought a class-action lawsuit in Illinois court against his former employer, CR Express. [1-1] ¶ 8; [82] ¶ 8. In the lawsuit, he alleged numerous violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15. [1-1] ¶¶ 8–9; [82] ¶¶ 8–9. CR Express asked its insurer, Great West, to cover Radak's

lawsuit. [1-1] ¶ 15.[1] Great West responded by filing this action under 28 U.S.C. § 2201 to obtain a declaration that its policies with CR Express do not cover Radak's lawsuit. *See id.* ¶ 2; [82] ¶ 2.

In the meantime, Radak settled his lawsuit with CR Express. *See* [58]; [71]; [77] at 10. As part of the settlement, CR Express assigned its claims against Great West to Radak and the settlement class. *See* [58-1] ¶ 20, 30; *see also* [71] ¶ 5; [77] at 3. Great West then filed an unopposed motion to drop its claims against CR Express, [78], which the Court granted, [80]. Soon after, Great West filed this motion for judgment on the pleadings as to its claims against Radak. [83].

III. **Analysis**

Great West is not entitled to judgment as a matter of law, as there are disputed issues of material fact. Great West says that its policies with CR Express contain exclusions that preclude coverage for BIPA claims like Radak's. [84] at 21–28. To determine whether that is the case, the Court must compare the allegations in Radak's BIPA complaint with the contractual language of the insurance policies. *See Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). The whole case depends on the contractual language; that language is as material as can be.

And, here, that language is disputed. Great West attached exhibits to its complaint that it alleges are "[t]rue and correct copies of the Great West Policies" that

---

[1] Radak asserts that he lacks knowledge or information sufficient to form a belief as to the truth of this fact, [82] ¶ 15, but, as the fact is only relevant to the narrative and not to the Court's analysis, the Court need not concern itself with Radak's denial.

3

it issued to CR Express. [1-1] ¶ 12. But Radak answered the pertinent paragraph of Great West's complaint by saying that he "lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it." [82] ¶ 12. Radak provides the same response to every allegation in which Great West purports to quote the policies. *See, e.g.*, [1-1] ¶ 24; [82] ¶ 24. Those responses have the effect of a denial. Fed. R. Civ. P. 8(b)(5). Because the Court must construe the pleadings in the light most favorable to Radak, the non-moving party, *Unite Here Loc. 1*, 862 F.3d at 595, it must treat the contractual language as disputed and cannot rely on it to grant judgment as a matter of law at this stage.

Great West recognizes that disputed contract language precludes judgment on the pleadings. In a hearing on January 15, 2026, the Court ordered Radak to file an amended answer and set deadlines for Great West to file either a motion for judgment on the pleadings or a motion for summary judgment. [81]. The Court left open the possibility that Great West would file a motion for summary judgment, as opposed to a motion for judgment on the pleadings, because during the hearing Great West recognized that Radak's forthcoming amended answer might dispute key contract language. *See also* [89] at 3–4.

Great West does not meaningfully respond to these issues. It simply says—inexplicably—that "no party disputes the quoted language is in the Policies." [90] at 3. But the denials in Radak's complaint could not be clearer. Great West also refers to a document that it filed with its motion that it calls a "Statement of Facts in Support of Motion for Judgment on the Pleadings" and faults Radak for not directly

4

contesting the facts asserted therein. [90] at 3 (citing [85]). But, while that document might be useful to the extent that it highlights the key admitted allegations, it is not itself a pleading that the Court can rely on to grant judgment on the pleadings. *See Unite Here Loc. 1*, 862 F.3d at 595; *see also N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452–53.[2]

Great West also points out that courts routinely grant judgment on the pleadings in insurance coverage disputes. [90] at 3. That is true, and this Court has done so before. *See Surchi1, LLC v. Travelers Indem. Co. of Conn.*, No. 23 CV 5227, 2024 WL 5145840, at *1 (N.D. Ill. Dec. 17, 2024) (granting, in part, motion for judgment on the pleadings and, in so doing, resolving parties' dispute regarding meaning of relevant contractual provisions). But no one disputed the contract language in *Surchi1*. *See, e.g.*, Answer ¶ 15, *Surchi1*, No. 23 CV 5227, [17] (admitting contract language). That makes sense, since the dispute was between the insurer and the insured, who both presumably had access to original versions of the insurance policy. *See Surchi1*, 2024 WL 5145840, at *2. Nor did either party dispute the contract language in the case cited by Great Western, *Continental Western Insurance Co. v. Cheese Merchants of America*, 631 F. Supp. 3d 503 (N.D. Ill. 2022). *See, e.g.*, Answer

---

[2] To the extent that Great West attaches this Statement of Facts in a bid to convert its Rule 12(c) motion into a Rule 56 motion, the Court may only treat Great West's motion as a Rule 56 motion after all parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d). Great West criticizes Radak for "fil[ing] no papers contesting the Statement of Facts," [90] at 3, but it also does not dispute Radak's representation that Great West rebuffed his efforts to obtain discovery on the pertinent policies, *see* [89] at 4; [89-1]. *See also* Fed. R. Civ. P. 56(d) (after being presented with a motion for summary judgment, a court may "allow time to obtain affidavits or declarations or to take discovery" when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").

¶ 30, *Cont'l W.*, No. 21 CV 1571, [24] (admitting contract language). But where, as here, the non-moving party disputes the key contract language, judgment on the pleadings is not appropriate.

It is also true that a party "may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." *Djourabchi v. Self*, 571 F. Supp. 2d 41, 50 (D.D.C. 2008). That means that an answer asserting lack of knowledge or information that "is obviously a sham" will be treated as an admission. *Bank of Am., N.A. v. Malibu Canyon Invs., LLC*, No. 2:10-cv-00396, 2012 WL 115577, at *3 (D. Nev. Jan. 13, 2012). Such a response casts doubt on the good faith of the pleader when "the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record." 5 Wright & Miller § 1262 (4th ed.) (2026).

Here, though, it is entirely plausible that Radak lacks knowledge or information sufficient to form a belief as to the accuracy of the contractual language quoted in or attached to the complaint. After all, unlike the parties in *Surchi1* and *Cheese Merchants*, Radak was not a party to the original insurance contract, between Great West and CR Express, *see* [82] ¶ 12. Of course, it seems probable that, as an assignee of CR Express, he would be privy to the contractual language. *See* [58-1] ¶¶ 20, 30; *see also* [71] ¶ 5; [77] at 3. Nevertheless, the Court cannot fairly say that "it appears beyond doubt" that Radak will be unable to support his position. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

6

That said, it may be that discovery reveals that Radak actually did have knowledge or information as to the language of the insurance contract, in which case the responses in his answer would amount to violations of Rule 11. *See* Fed. R. Civ. P. 11(b)(4). In that scenario, Radak could be subject to sanctions. *See* Fed. R. Civ. P. 11(c). At this time, however, Great West has offered no argument that Radak pleaded his answer in bad faith. The Court must therefore credit Radak's denials and deny Great West's motion.

## IV. Conclusion

For the foregoing reasons, the Court denies Great West's motion for judgment on the pleadings. [83]. The Court re-refers this matter to the assigned Magistrate Judge for discovery scheduling and supervision in light of this Memorandum Opinion and Order. The referral also encompasses the authority to conduct a settlement conference, as necessary.

ENTER:

_____
Georgia N. Alexakis
United States District Judge

Date: 7/13/2026

7